**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**MARDOQUEO GARCIA PEREZ** — **CASE NO. 6:26-CV-03492 SEC P**

**VERSUS** — **JUDGE ROBERT R. SUMMERHAYS**

**WARDEN PINE PRAIRIE I C E PROCESSING CENTER, ET AL.** — **MAGISTRATE JUDGE PEREZ-MONTES**

# ORDER

Presently before the Court is Petitioner's "Motion for Immediate Release from Unlawful Detention, or in the Alternative for an Order Requiring Respondents Either to Charge Petitioner and Afford Him a Custody Hearing, or to Release Him" [ECF No. 4]. Petitioner is a thirty-nine-year-old citizen of Guatemala.[1] He entered the United States in 2017 and has lived continuously in South Florida throughout the approximately nine years since.[2] He was taken into custody on August 16, 2026, after identifying himself to immigration authorities arresting the mother of his children.[3] Petitioner alleges that his arrest was without warrant, no custody determination has been made in the time since his detention, no Form I-286 has been served, and no charging document has been filed with any immigration court.[4] In his Motion, Petitioner seeks release from detention, or in the alternative, an order requiring Respondents to either (a) serve on Petitioner either a charging document or Form I-286 notifying him of the grounds of his detention and grant him a custody hearing before an immigration judge, or (b) conditionally

---

[1] ECF No. 1, at 10.
[2] *Id.*
[3] *Id.* at 13.
[4] *Id.* at 6.

release Petitioner.[5] The Court notes that this relief is the same relief, inter alia, requested in the petition.

This Motion is essentially a request for injunctive relief. Such relief is "an extraordinary remedy," and to prevail on such a request, the movant must "clearly carr[y] the burden of persuasion" in demonstrating the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[6] Additionally, motions for preliminary injunctive relief should "not conclusively resolve legal disputes," and thus should not be used as a vehicle for granting ultimate relief.[7]

Here, Petitioner seeks the same relief sought in his habeas petition, which is inappropriate for such a motion.[8] It is more appropriate to address the concerns raised in this motion—which are identical to those raised in his petition—through the adjudication of the habeas petition.

For the foregoing reasons,

IT IS ORDERED THAT the Motion for Immediate Release From Unlawful Detention, or in the Alternative for an Order Requiring Respondents Either to Charge Petitioner and Afford Him a Custody Hearing, or to Release Him [ECF No. 4] is DENIED.

---

[5] ECF No. 4, at 23–24.
[6] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir. 1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[7] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).
[8] *See, e.g.*, *Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

THUS DONE in Chambers on this 24th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE